RECEIVED
IN ALEXANDRIA, LA.

JAN 2 7 2014

TONY R. MOORE, CLERK
~~~~~~~~~~~~~
        DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MARCUS DEANDRE PRESTON          DOCKET NO. 1:13-CV-3006; SEC. P

VERSUS                          JUDGE DRELL

K. ASK-CARLSON                  MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Pro se Petitioner Marcus DeAndre Preston filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 6, 2013. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks the sentence imposed on him in the United States District Court for the District of Maryland.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED FOR LACK OF JURISDICTION.**

### Background

Petitioner plead guilty in the District of Maryland to possession with the intent to distribute a controlled substance. [District of Maryland Docket No. 1:08-cr-0342] The Court determined that petitioner was a career offender under U.S.S.G. §4B1.1. He was sentenced to a term of imprisonment of 156 months.

Petitioner filed a §2255 motion, which was denied by the district court.

### *Law and Analysis*

Petitioner wishes to proceed with a Section 2241 petition, which he claims is the proper method of challenging his sentence, as Section 2255 is inadequate or ineffective for doing so.   He cites In re Jones, 226 F.3d 328 (4th Cir. 2000) in support of his claim.   In Jones, the Fourth Circuit concluded that "...in a limited number of circumstances, like those presented here, §2255 as amended by the AEDPA is inadequate or ineffective to test the legality of the detention of a federal prisoner."   Id. at 333. Petitioner's case does not arise under the limited circumstances presented in Jones.

Petitioner is complaining of sentencing error; thus, his claim is outside the scope of a §2241 petition. "28 U.S.C. §2255, not §2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997).   In contrast, §2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).   A §2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a §2255 motion.   Pack, 218 F.3d at 452. This Court lacks jurisdiction to construe the instant petition as

a §2255 petition, however, because a §2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for the District of Maryland. See Benson v. Justice, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a §2255 motion, where prisoner was sentenced in a different district).

The Court may address Petitioner's claims through the so called "savings clause" provision of §2255 if Petitioner can demonstrate that §2255 otherwise provides him with an "inadequate" or "ineffective" remedy. Benson, 511 F.3d at 487. The petitioner seeking relief under the savings clause must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903. The petitioner bears the burden of demonstrating that "the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention." §2255(e); see also Pack, 218 F.3d at

452.

Petitioner has not alleged that his claim is based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense.[1]   Additionally, the savings clause is not satisfied by an assertion that the Petitioner is "actually innocent" of a sentencing enhancement. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000); Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005).   Petitioner cannot satisfy the savings clause and cannot obtain habeas relief under Section 2241.

Should Petitioner wish to seek permission to file a second or successive 2255 petition, he must seek authorization from the United States Fourth Circuit Court of Appeals.

### Conclusion

Accordingly, IT **IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be DISMISSED **for** lack of **jurisdiction.**

### Objections

---

[1]Petitioner does not claim retroactivity, but does allege that, under Descamps v. United States, 133 S.Ct. 2276 (2013), he would not have been found to be a career offender.  He argues that the conviction used for the career offender finding was a second degree assault conviction, and Maryland's Second Degree Assault Statute is not categorically a crime of violence.  Just because Maryland's second degree assault statute is not "categorically" a crime of violence, it can still be a crime of violence based on the facts of that case.  According to his sentencing transcript, Petitioner's second degree assault conviction - to which he plead guilty - was for **beating a woman with** his hands, fist, feet, and even **a tree stump, because he believed** that she had **stolen** some guns. [Tr. p.17]

4

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

FAILURE TO FILE WRITTEN OBJECTIONS **TO THE PROPOSED FINDINGS,** **CONCLUSIONS,** AND RECOMMENDATIONS CONTAINED **IN THIS REPORT WITHIN** **FOURTEEN** (14) CALENDAR **DAYS** FROM THE **DATE OF ITS SERVICE SHALL BAR** **AN** AGGRIEVED PARTY, EXCEPT UPON GROUNDS **OF PLAIN ERROR, FROM** **ATTACKING** ON APPEAL THE FACTUAL FIND**INGS AND LEGAL CONCLUSIONS** ACCEPTED BY THE DISTRICT JUDGE TO WHICH **THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of January, 2014.

JAMES D. KIRK
UNITED **STATES MAGISTRATE JUDGE**